UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALI QAMBARI,

          Petitioner,

    v.

SERGIO ALBARRAN et al.,

          Respondents.

No.  1:26-cv-03446-DAD-JDP (HC)

ORDER GRANTING PETITION FOR WRIT OF *HABEAS CORPUS* AND DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT

(Doc. Nos. 1, 2)

On May 4, 2026, petitioner Ali Qambari, A-File No. unknown, proceeding through counsel, filed a petition for writ of *habeas corpus* and a motion for temporary restraining order. (Doc. Nos. 1, 2.)  On May 5, 2026, the court issued an order directing respondents to file an opposition to the pending motion in which they indicated whether this case is factually or legally distinguishable from the circumstances addressed in several of the court's cited prior orders. (Doc. No. 4.)  In the same order, the court also indicated that if it determined that petitioner was entitled to the relief sought in the motion for temporary restraining order it would directly rule on the merits of the petition.  Respondents were directed to indicate if they objected to the court doing so and, if they did, to provide substantive reasons in support of that opposition.  (*Id.*)

On May 6, 2026, respondents filed an opposition, wherein they solely argue that petitioner is an applicant for admission subject to mandatory detention pursuant to 8 U.S.C. § 1225(b) (Doc.

1

No. 7 at 1), an argument that the undersigned has previously rejected on several occasions. *Wasef v. Chestnut*, No. 1:26-cv-01078-DAD-JDP (HC), 2026 WL 392389, at *1–3 (E.D. Cal. Feb. 12, 2026).  Respondents have further conceded that this case does not appear to be materially different from the circumstances addressed in the court's cited prior orders and have affirmatively requested "that the Court resolve the underlying habeas petition on the current briefing and without a hearing."  (*Id.* at 2.)

Petitioner is a citizen of Afghanistan who entered the United States on or about April 11, 2023, without admission or inspection.  (Doc. No. 1 at ¶ 2.)  Petitioner was subsequently detained by immigration officials, then released into this country on parole pursuant to § 212(d)(5) of the Immigration and Nationality Act, codified at 8 U.S.C. § 1182(d)(5).  *Chavarria v. Chestnut*, No. 1:25-CV-01755-DAD-AC, 2025 WL 3533606, at *3 (E.D. Cal. Dec. 9, 2025) (discussing parole pursuant to § 1182(d)(5)).  Petitioner alleges that he maintained complete compliance with the terms of his parole and has no criminal history.  (Doc. No. 1 at ¶¶ 19, 22.)  On February 24, 2026, Immigration and Customs Enforcement ("ICE") arrested petitioner, seemingly without any explanation.  (*Id.* at ¶ 33.)

Having considered the circumstances surrounding petitioner's detention and the parties' arguments, the court finds instructive and adopts here the reasoning set forth in its prior order *Chavarria*, 2025 WL 3533606 at *2–5.  Therefore, the court concludes that petitioner obtained a liberty interest in his continued release from respondents' custody once he was released into this country on parole and that petitioner's continued detention without notice and a hearing is in violation of due process and unlawful.

For the reasons explained above,

1. Petitioner's petition for writ of *habeas corpus* (Doc. No. 1) is GRANTED as follows:

   a. Respondents are ORDERED to immediately release petitioner Ali Qambari, A-File No. unknown, from respondents' custody on the same conditions he was subject to immediately prior to his re-detention on February 24, 2026;

      b.     Respondents are ENJOINED and RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without notice and a hearing before an immigration judge where respondents will have the burden.

2.    Petitioner's motion for temporary restraining order (Doc. No. 2) is DENIED as having been rendered moot by the granting of the petition for writ of *habeas corpus*;

3.    Respondents' motion to dismiss (Doc. No. 7) is DENIED;

4.    The Clerk of the Court is directed to serve the California City Immigration Processing Center with a copy of this order; and

5.    The Clerk of the Court is directed to enter judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated:   **May 7, 2026**                          

DALE A. DROZD
UNITED STATES DISTRICT JUDGE